1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Christina C. Tillman, #258627
     *christina.tillman@mccormickbarstow.com*
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5
   Attorneys for Defendant, MT. VIEW FARMING,
6  INC.

7

8                  UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 SAMUEL BUSTOS, an individual, on his own        District Court Case No.
   behalf and on behalf of the others similarly
12 situated,                                       Sup. Court Case No. 275173

13              Plaintiff,                          **NOTICE OF REMOVAL OF ACTION
                                                   UNDER 28 U.S.C. §1441(b) [FEDERAL
14       v.                                        QUESTION JURISDICTION]**

15 MT. VIEW FARMING, INC., a California            Action filed:  August 22, 2018
   corporation; and Does 1 through 100 inclusive,
16
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 N Fresno Street
Fresno, CA 93720-1501

                    NOTICE OF REMOVAL OF ACTION

1      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2      PLEASE TAKE NOTICE that Defendant MT. VIEW FARMING, INC. ("Defendant") hereby

3  removes this action from the Superior Court of the State of California for the County of Tulare, to the

4  United States District Court for the Eastern District of California. This removal is based on federal

5  question jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1441, subdivision (a)

6  as explained below.

7      1.    On August 22, 2018, Plaintiff SAMUEL BUSTOS ("Plaintiff") filed a civil Complaint

8  in the Superior Court for the County of Tulare, entitled Samuel Bustos, and individual, on his own

9  behalf and on behalf fo all others similarly situated vs. Mt. View Farming, Inc., a California

10  corporation; and Does 1 through 100, inclusive, Case No. 275173. A true and correct copy of the

11  Complaint is attached hereto as Exhibit "A".

12      2.    Defendant was served with the Complaint on September 13, 2018.

13      3.    On October 3, 2018, Defendant filed an Answer to the Complaint in Tulare County

14  Superior Court. A true and correct copy of the Answer filed by Defendant is attached hereto as

15  Exhibit "B".

16      4.    The time within which Defendant must file a Notice of Removal of the action with this

17  Court has not expired. (28 U.S.C. §1446(b).)

18      5.    Defendant is informed and believes that the events which give rise to Plaintiff's claims

19  occurred in the County of Tulare.

20      6.    This action is a civil action of which this Court has original jurisdiction under 28

21  U.S.C. Section 1331, and is one that may be removed to this Court by Defendant under the provisions

22  of 28 U.S.C. Section 1441, subdivision (a), in that it arises under a claim founded on the laws of the

23  United States.

24      7.    The Complaint is set forth in six causes of action arising from alleged acts or omissions

25  that occurred during Plaintiff's employment with Defendant. The fifth cause of action allegations

26  violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. Section 1801 *et*

27  *seq.*, a federal law, thereby invoking jurisdiction of the District Court.

28      8.    Plaintiff's remaining causes of action allege violation of the California Business and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 N. Fresno Street
FRESNO, CA 93720-1501

NOTICE OF REMOVAL OF ACTION

1   Professions Code Section 17200 *et seq*. and the California Labor Code Sections 226, 226.7, 510, 1194,

2   1194.2, 1198. These claims are all based on the same acts or omissions that give rise to the claim

3   under the Migrant and Seasonal Agricultural Worker Protection Act and are so related that they are

4   from part of the same case or controversy. This District Court has supplemental jurisdiction over

5   these related state law claims between Plaintiff and Defendant pursuant to 28 U.S.C. Section 1367.

6

7   Dated: October 4, 2018                     McCORMICK, BARSTOW, SHEPPARD,
                                               WAYTE & CARRUTH LLP
8

9                                              By: _____
10                                                  Christina C. Tillman
                                                    Attorneys for Defendant
11                                                  MT. VIEW FARMING, INC.

12

13

14
    57821-00151 5377114.1
15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 N. Fresno Street
FRESNO, CA 93720-1501

NOTICE OF REMOVAL OF ACTION

# EXHIBIT "A"

COPY



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MT. VIEW FARMING, INC., a California corporation; and Does 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMUEL BUSTOS, an individual, on his own behalf and on behalf of
all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* County Civic Center<br>221 S. Mooney Blvd., Visalia, CA 93291 | CASE NUMBER:<br>*(Número del Caso):*<br>**#-275173** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas H. Schelly, Lipeles Law Group, APC, 880 Apollo St., Ste. 336, El Segundo, CA 90245 310-322-2211

| DATE: **AUG 2 2 2018**<br>*(Fecha)* | **Stephanie Cameron** Clerk, by<br>*(Secretario)* | Jessica Ochoa | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)):*

**[SEAL]**

COURT SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Mt. View Farming Inc.
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465<br>
www.courtinfo.ca.gov

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas H. Schelly   s/b #217285<br>Lipeles Law Group, APC<br>880 Apollo St., Ste. 336<br>El Segundo, CA 90245 | FILED<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>AUG 22 2018<br><br>STEPHANIE CAMERON, CLERK<br>BY: Jessica Ochoa |

TELEPHONE NO.: **(310) 322-2211**   FAX NO.: **(310) 322-2252**
ATTORNEY FOR *(Name):* **Samuel Bustos**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Tulare**
STREET ADDRESS: **221 S. Mooney Blvd.**
MAILING ADDRESS: **221 S. Mooney Blvd.**
CITY AND ZIP CODE: **Visalia, CA 93291**
BRANCH NAME: **County Civic Center**

CASE NAME:
**Bustos, Samuel v Mt. View Farming, Inc.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | # = 275173 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Six
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: **August 20, 2018**

Thomas H. Schelly
*(TYPE OR PRINT NAME)*   ▶   *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (16)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

COPY

Assigned to Judicial Officer David C. Mathias
For All Purposes

1  Kevin A. Lipeles (Bar No. 244275)
   Thomas H. Schelly (Bar No. 217285)
2  LIPELES LAW GROUP, APC
   880 Apollo Street, Suite 336
3  El Segundo, California 90245
   Telephone: (310) 322-2211
4  Fax: (310) 322-2252

5  Attorneys for Plaintiff
   SAMUEL BUSTOS
6

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

AUG 22 2018

STEPHANIE CAMERON, CLERK
BY: _____Jessica Ochoa_____

7      SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           COUNTY OF TULARE  CASE MANAGEMENT CONFERENCE

9                                   Hearing Date: 12·24·18
                                    Time:           8:50Am
10 SAMUEL BUSTOS, an individual, on his   CASE NO.: Department:
   own behalf and on behalf of all others
11 similarly situated,                    # - 2 7 5 1 7 3
                                          CLASS ACTION

12            Plaintiffs,                 COMPLAINT FOR:

13                                        1. FAILURE TO PAY OVERTIME (*Cal.*
   vs.                                    *Labor Code* §§ 510, 1198; IWC Wage
14                                        Order No. 14);
                                          2. FAILURE TO PAY MINIMUM
15 MT. VIEW FARMING, INC., a Califor-     WAGE (*Cal. Lab. Code* §§1194, 1194.2;
   nia corporation; and Does 1 through 100, IWC Wage Order No. 14);
16 inclusive,                             3. FAILURE TO PROVIDE ITEMIZED
                                          WAGE STATEMENTS (*Cal. Labor Code*
17                                        §226; IWC Wage Order No. 14);
                                          4. FAILURE TO PROVIDE REST
18            Defendants.                 PERIODS (*Cal. Labor Code* § 226.7; IWC
                                          Wage Order No. 14);
19                                        5. VIOLATION OF MIGRANT AND
                                          SEASONAL AGRICULTURAL
20                                        WORKER PROTECTION ACT (29
                                          U.S.C §1801 *et seq.*); and
21                                        6. UNFAIR COMPETITION (*Cal. Bus.*
                                          *& Prof. Code* §§17200 *et seq.*).
22

23

24

25                                       DEMAND FOR A JURY TRIAL

26     All allegations in this Complaint are based upon information and belief except for

27 those allegations which pertain to the Plaintiff named herein and his counsel. Each

28

                                                                            1
   ─────────────────────────────────────────────────────────────
      CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    allegation has evidentiary support, or is likely to have evidentiary support after a reasonable

2    opportunity for further investigation and discovery.

3    **JURISIDICTION AND VENUE**

4      1.  This Court has jurisdiction over this Complaint under *Code of Civil*

5    *Procedure* § 410.10. This action is brought under *Code of Civil Procedure* § 382, the

6    procedural provisions of *Federal Rules of Civil Procedure, Rule* 23, 29 U.S.C. §1801 *et seq.*

7    and *Business & Professions Code* §§ 17200 *et seq.* Plaintiff SAMUEL BUSTOS brings this

8    Complaint on his own behalf and on behalf of all persons in the Class as defined in ¶ 10

9    below, and as private attorney general on behalf of the general public.

10      2.  Venue is proper in this Court pursuant to *Code of Civil Procedure* §§ 395 and

11    395.5, because the claims made, and the *Labor Code* violations as against the persons

12    identified herein, occurred in the County of Tulare and because the Defendant owned and

13    operated their businesses in the County of Tulare.

14    **THE PARTIES**

15    <u>**PLAINTIFF**</u>

16      3.  SAMUEL BUSTOS is, and at all times material hereto was:

17        (a)  An individual who resides in the County of Tulare, California;

18        (b)  An agricultural worker within the meaning of 29 U.S.C. §1802(10);

19        (c)  Was employed within the meaning of 29 U.S.C. §1802(3), to work in

20          Defendant's fields, that is, on land owned, leased, managed and/or

21          operated harvested or otherwise made productive by Defendant in

22          agricultural fields in or near Tulare County in California at various

23          times from four (4) years prior to the filing of this action to the present;

24        (b)  Was not paid overtime as required by the applicable Wage Order;

25        (c)  Was not paid the minimum wage as required by the applicable Wage

26          Order; and

27        (d)  Did not receive accurate wage statements as mandated by *Labor Code*

28          § 226.

2

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2    **DEFENDANTS**

3        4.    Plaintiff is informed and believes, and based upon that information and belief

4    alleges, that Defendant MT. VIEW FARMING, INC. is, and at all times mentioned herein

5    was:

6                (a)    A California corporation authorized to conduct business, and actually

7                    conducting business, in California and Tulare County;

8                (b)    The current employer of Plaintiff and the current or former employer

9                    of the putative Class members;

10               (c)    Paid the Plaintiff and all Class Members on an hourly basis as non-

11                   exempt employees; and

12               (d)    Failed to pay overtime to Plaintiff and all putative Class members,

13                   failed to pay Plaintiff and all putative Class members the mandated

14                   minimum wage, failed to provide Plaintiff and all putative Class

15                   members with accurate itemized wage statements. Each of these

16                   transgressions was a violation of 29 U.S.C. §1801 *et seq*. and the

17                   *Labor Code* and/or the applicable Wage Order.

18       5.    The true names and capacities, whether individual, corporate, subsidiary,

19   partnership, associate or otherwise of defendant DOES 1 through 100, inclusive, are

20   unknown to Plaintiff, who therefore sues these Defendants by such fictitious names pursuant

21   to *Code of Civil Procedure* § 474.  The Plaintiff will seek leave to amend his Complaint to

22   allege the true names and capacities of DOES 1 through 100, inclusive, when they are

23   ascertained.

24       6.    Plaintiff is informed and believes, and based on that information and belief

25   alleges, that Defendant DOES 1 through 100 are persons, corporations or other entities

26   which reside in or are authorized to do, or are otherwise doing, business in the state of

27   California.  Each of the Defendants DOES 1 through 100 was the managerial agent,

28   employee, predecessor, successor, joint-venturers, co-conspirator, alter ego and/or

                                                              3

1   representative of one or more of the other Defendants named herein, and acting with

2   permission, authorization, and/or ratification and consent of the other Defendants.

3       7.    Plaintiff is informed and believes, and based on that information and belief

4   alleges, that the Defendants named in this Complaint, including DOES 1 through 100,

5   inclusive, are responsible in some manner for one or more of the events and happenings that

6   proximately caused the injuries and damages hereinafter alleged.

7       8.    Plaintiff is informed and believes, and based on that information and belief

8   alleges, that Defendants named in this Complaint, including DOES 1 through 100, inclusive,

9   are, and at all times mentioned herein were, the agents, servants, and/or employees of each

10  of the other Defendants and that each Defendant was acting within the course and scope of

11  his, hers or its authority as the agent, servant and/or employee of each of the other

12  Defendants.  Consequently, all of the Defendants are jointly and severally liable to the

13  Plaintiff, and the Class, for the damages sustained as a proximate result of their conduct.

14      9.    Plaintiff is informed and believes, and based on that information and belief

15  alleges, that the Defendants named in this Complaint, including DOES 1 through 100,

16  inclusive, knowingly and willfully acted in concert, conspired and agreed together among

17  themselves and entered into a combination and systemized campaign of activity to *inter alia*

18  damage Plaintiff, and the Class, and to otherwise consciously and/or recklessly act in

19  derogation of the rights of Plaintiff and the Class, and the trust reposed by Plaintiff, and the

20  Class, in each of the Defendants, the acts being negligently and/or intentionally inflicted.

21  Their conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's

22  information and belief, and to all appearances, Defendants, and each of them, represented a

23  unified body so that the actions of one Defendant were accomplished in concert with, and

24  with the knowledge, ratification, authorization and approval of each of the other Defendants.

25  **CLASS ALLEGATIONS**

26  **A.  <u>The Definition Of The Class</u>**

27      10.    The Class ("the Class") shall consist of the following Subclasses:

28

4

1    "All persons who were employed by Defendant as tractor drivers and

2    manual field laborers in the State of California at any time during the period

3    commencing on the date that is within four (4) years prior to the filing of this

4    Complaint and continuing through the present date (the "Class Period")"

5    "All persons who were employed by Defendants as tractor drivers and

6    manual field laborers in the State of California and thereafter left the employ

7    of Defendants at any time during the period commencing on the date that is

8    within one (1) year prior to the filing of this Complaint and continuing

9    through the present date (the "Class Period")"

10   **B.  Maintenance of the Action**

11       11.    Plaintiff brings this action individually and on behalf of himself and as

12   representative of all similarly situated persons under *Business & Professions Code* §§ 17203

13   and 17204 and *Code of Civil Procedure* § 382.

14   **C.  The Class Requisites**

15       12.    At all material times, Plaintiff was a member of the Class.

16       13.    The Class action meets the statutory prerequisites for maintaining a class

17   action under *Code of Civil Procedure* § 382 in that:

18               (a)    The persons who comprise the Subclasses are so numerous that the

19                      joinder of all those persons is impracticable and the disposition of their

20                      claims as a Class will benefit the parties and the Court;

21               (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

22                      issues that are raised in this Complaint are common to the Subclasses

23                      and will apply uniformly to every Class member;

24               (c)    The claims of the representative Plaintiff are typical of the claims of

25                      each Subclass member.  Plaintiff, like all Subclass members, has

26                      sustained damages arising from Defendants' violations of the laws of

27                      the state of California.  Plaintiff, and the Class members, were and are

28                      similarly or identically harmed by the same unlawful, deceptive, unfair,

5

1   systematic and pervasive pattern of misconduct engaged in by the

2   Defendants;

3       (d)   The representative Plaintiff has, and will continue to, fairly and

4   adequately represent and protect the interests of the Subclasses and has

5   retained counsel who are competent and experienced in class action

6   litigation. There are no material conflicts between the claims of the

7   representative Plaintiff and the Class members that would make class

8   certification inappropriate. Counsel for the Class will vigorously assert

9   the claims of all Class members.

10       14.   The persons who comprise the Subclasses are so numerous that joining all of

11   them is impracticable, and jointly adjudicating their claims will benefit the parties and the

12   Court. Plaintiff's claims are typical of the claims of the Subclasses that Plaintiff seeks to

13   represent. Plaintiff will fairly and adequately protect the interests of the Subclasses he seeks

14   to represent. Plaintiff does not have any interests that are antagonistic to the Subclasses he

15   seeks to represent. Counsel for Plaintiff are experienced, qualified and generally able to

16   conduct complex class action litigation.

17       15.   The Court should permit the action to be maintained as a class action under

18   *Code of Civil Procedure* § 382 because:

19       (a)   The questions of law and fact common to the Subclasses predominate

20   over any question affecting only individual members:

21       (b)   A class action is superior to any other available method for fairly and

22   efficiently adjudicating the claims of the Subclasses;

23       (c)   The Subclass members are so numerous that it is impractical to bring

24   all of them before the Court;

25       (d)   Plaintiff and other Subclass members will not be able to obtain

26   effective and economic legal redress unless the action is maintained as

27   a class action;

28

6

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the Subclass members;

(f)    Without Class certification, the prosecution of separate actions by individual Class members would create a risk of:

    i.    Inconsistent or varying adjudications for individual Subclass members that would establish incompatible standards of conduct for Defendants; and/or,

    ii.    Adjudication for individual Subclass members that would, as a practical matter, dispose of other non-party members' interests, or that would substantially impair or impede the non-parties' ability to protect their interests, by, for example, potentially exhausting the funds available from Defendants, and

(g)    Defendants have acted or refused to act on grounds generally applicable to the Subclasses, making final injunctive relief appropriate for the Class, as a whole.

16.    Plaintiff contemplates eventually issuing notice to the proposed Subclass Members that would set forth the subject and nature of the action. The Defendant's own business records may be utilized for assisting to prepare and issue the contemplated notice. To the extent that any further notices may be required, Plaintiff would contemplate using additional media and/or mailing.

**THE CONDUCT**

17.    Defendants operate a farm in Tulare, Tulare County California, where they grow and harvest grapes and other crops.

18.    During the Class Period Defendant has employed, as that term is used in 29

7

1  U.S.C. §1892(3), thousands of seasonal agricultural workers in its harvesting, field packing,

2  and packaging operations.

3       19.    During the Class Period, Plaintiffs have engaged in agricultural employment,

4  as that term is used in 29 U.S.C. §1802(3), on agricultural land owned, leased, managed

5  and/or operated, harvested or otherwise made productive by Defendant.

6       20.    During the Class Period, Plaintiff and the Class he represents have entered

7  into working arrangements with Defendant. These arrangements are formed and entered

8  into each season, at least once, and in many cases more than once each year, at or near the

9  time Plaintiff and the Class Members are hired by Defendant. Under the working

10  arrangements, which are also oral employment contracts, Defendant offers Plaintiff and

11  other agricultural workers jobs in their agricultural operations, and Plaintiff and other

12  agricultural workers accept the job offers. By words, conduct, practice, or custom and

13  usage, it is understood by the parties that Defendant will pay Plaintiff and other workers for

14  all work performed, consistent with federal and state law, as follows: a stated hourly wage

15  throughout each season.

16       21.    The contracts are and were "working arrangements" as that term is used in

17  the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1932(c). This

18  working arrangement requires and required Defendant to pay Plaintiffs their agreed-upon

19  wages for all hours worked, to pay workers for required rest periods, and to abide in all

20  respects by IWC Wage Order 14,  which covers those persons employed in the agricultural

21  industry, and which formed part of the working arrangement and/or agreement.

22       22.    The employment by Defendant of the Class Members, and each them, is

23  governed by Industrial Welfare Commission Wage Order 14, Under California law, non-

24  exempt employees, as defined by Wage Order 14, are entitled to payment of the mandated

25  minimum wage for all hours worked and premium overtime wages for those hours worked in

26  excess of six days in a workweek.

27       23.    Plaintiff and the Class routinely worked more than six days in a workweek.

28  During the Class Period, Defendant's policy and practice was not to compensate Plaintiff

8

1  and the Class for any of those hours worked in excess of six days in a workweek, in

2  violation of Wage Order 14 and the *Labor Code*.

3      24.    Plaintiff and the Class routinely worked more than six days in a workweek.

4  During the Class Period, Defendant did not pay Plaintiff and the Class premium wages for

5  hours worked on the seventh days of a workweek.

6      25.    During this time period, pursuant to Defendant's uniform policies and

7  practices, Plaintiff and members of the Subclasses did not receive rest breaks. Defendants'

8  uniform policy and practice was to not inform employees of their right to take rest periods

9  and Defendant thereby deprived Plaintiff and members of the Subclass of lawful rest breaks.

10      26.    Further, Defendant has, and continues to have, a policy and practice of not

11  providing Plaintiff and other members of the Subclasses with any rest breaks - paid or

12  unpaid. At all times relevant, including throughout the four-year period preceding the filing

13  of this Complaint, Defendant systematically failed to authorize and permit Plaintiff and

14  members of the Subclasses to take paid or unpaid rest breaks for every four hours worked or

15  major fraction thereof. Plaintiff and members of the Subclasses regularly worked in excess

16  of four hours and eight hours a day but were not given the opportunity during their work

17  periods to take a ten-minute rest break for every four hours worked or major fraction thereof,

18  where they were completely relieved of all duty. Defendant failed to schedule time and make

19  time for rest periods for Plaintiff and members of the Subclasses.

20      27.    As a result of Defendant's failure to compensate Plaintiff and the Class

21  premium wages for overtime worked and for all hours worked, the wage statements issued to

22  Plaintiff and the Class by Defendants did not comply with *Labor Code* § 226 in that they did

23  not accurately reflect all wages earned and due and owing.

24

25

26

27

28

9

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY OVERTIME**

[Wage Order 14 - 8 *Cal. Code Regs.* § 11140]

(By Plaintiffs Against All Defendants)

28.     Plaintiff and the Class reallege and incorporate by reference the allegations set forth in this Complaint.

29.     During the four years immediately prior to the filing of this action, Defendant was required to compensate Plaintiff and the Class with premium pay for all hours worked in excess of the sixth day of a workweek, pursuant to IWC Wage Order 14 (8 *Cal. Code Regs.* § 11140(3)(A)).

30.     As alleged herein, during the four years preceding the filing of this action, Plaintiff and the Class routinely worked more than the sixth day of a workweek, and Defendant did not pay Plaintiff and the Class premium wages for the overtime hours they worked.

31.     At all times relevant hereto, *Labor Code* § 1194(a) has provided that employees who have not been paid overtime can recover the unpaid balance of the overtime wages due, with interest thereon, and reasonable attorneys' fees and costs of suit.

32.     By virtue of Defendant's unlawful failure to pay overtime to Plaintiff and the Class, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional limits of the Court and which will be ascertained according to proof at trial.

33.     Defendant acted or is acting intentionally, oppressively and maliciously toward Plaintiff and the Class, with conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

34.     Plaintiff, individually, and on behalf of employees similarly situated, requests to recover overtime compensation pursuant to *Labor Code* § 1194(a) and 8 *Cal. Code Regs.* § 11140(3)(A), as well as the assessment of any statutory penalties against each Defendant,

10

1  in a sum as provided by the *Labor Code* and/or any other statutes. Further, Plaintiff and the

2  Class are entitled to and request reasonable attorneys' fees and costs pursuant to *Labor Code*

3  §§ 218.5 and 1194(a).

### SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY MINIMUM WAGE

[Labor Code §§ 1194, 1197 and 8 *Cal. Code Regs.* § 11140]

**(By Plaintiffs Against All Defendants)**

8   35.   Plaintiff and the Class reallege and incorporate by reference the allegations

9  set forth in this Complaint.

10   36.   Section 1194 of the Labor Code provides, in relevant part:

11        Notwithstanding any agreement to work for a lesser wage, any employee

12        receiving less than the legal minimum wage...applicable to the employee is

13        entitled to recover in a civil action the unpaid balance of the full amount of

14        this minimum wage...including interest thereon, reasonable attorneys' fees,

15        and costs of suit.

16   37.   Pursuant to *Labor Code* § 1197 and 8 *Cal. Code Regs.* § 11140(4)(A), it is

17  unlawful to pay employees less than the mandated minimum wage.

18   38.   During the entirety of the employment of Plaintiff and the Class, Defendant

19  was required to compensate them at the mandated minimum wage but failed to do so, in

20  violation of *Labor Code* §§ 1194, 1197 and Wage Order 14 by:

21        a.   failing to pay for all hours worked;

22        b.   failing to pay overtime for all hours worked in excess of the sixth day

23  of a workweek;

24        c.   failing to record accurately the time they worked; and

25        d.   all other reasons to be discovered.

26   39.   Defendant knowingly refused to perform their obligations to compensate

27  Plaintiff and the Class for all minimum wages earned and all hours worked. As a direct and

28  proximate result of Defendant's conduct, Plaintiff and the Class suffer and continue to suffer

11

1  substantial losses related to the use and enjoyment of such wages, lost interest on such

2  wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform the

3  obligations under the *Labor Code* and Wage Order 14, all to their respective damage in

4  amounts according to proof.

5      40.      Therefore, pursuant to *Labor Code* §§ 200, 203, 218.5, 226, 558, 1194 and

6  1197, Plaintiff and the Class are entitled to recover the unpaid balances of the minimum

7  wages Defendant owes them, plus interest, penalties, attorneys' fees, expenses and costs of

8  suit, in amounts according to proof.

9      41.      Pursuant to *Labor Code* § 1194.2(a), Plaintiff and the Class are entitled to

10  recover liquidated damages in amounts equal to the wages unlawfully unpaid and interest

11  thereon.

12              **THIRD CAUSE OF ACTION**

13  **FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

14              **[Labor Code § 226]**

15          **(By Plaintiffs Against All Defendants)**

16      42.      Plaintiff and the Class reallege and incorporate by reference the allegations of

17  set forth in this Complaint.

18      43.      *Labor Code* § 226(a) requires that with each paycheck Defendant issues to

19  Plaintiffs and the Class wage stubs accurately showing the number of hours they worked at

20  the effective rates of pay and the effective overtime rates of pay, the resulting gross and net

21  wages earned and the resulting deductions made.

22      44.      Throughout the Class Period, Defendant intentionally failed to furnish

23  Plaintiff and the Class, upon payment of wages, itemized statements accurately showing the

24  total number of hours worked, the applicable hourly rates in effect during each pay period,

25  the corresponding hours worked at each hourly rate, the resulting gross and net wages

26  earned, and the resulting deductions made.

27      45.      Plaintiff and the Class were damaged by these failures because, among other

28  things, the failures led them to believe that they were not entitled to be paid for overtime and

12

1   all hours worked, even though they were so entitled and these failures hindered them from

2   determining the amounts of wages owed to them.

3       46.    Plaintiff and the Class are entitled to the amounts provided in *Labor Code*

4   § 226(e), plus attorneys' fees and costs.

5   **FOURTH CAUSE OF ACTION**

6   **FOR FAILURE TO PROVIDE REST PERIODS**

7   (***Labor Code*** § 226.7 and IWC Wage Order No. 14

8   **By Plaintiffs Against All Defendants)**

9       47.    Plaintiff and the Subclasses reallege and incorporate by reference the

10   allegations set forth in this Complaint.

11       48.    *Labor Code* § 226.7 and the applicable Wage Order provide that employers

12   shall authorize and permit all employees to take rest periods at the rate of ten minutes net

13   rest time per four hours of work, or major fraction thereof.

14       49.    *Labor Code* § 226.7 and the applicable Wage Order provide that if an

15   employer fails to provide an employee with rest periods in accordance with those provisions,

16   the employer shall pay the employee one hour of pay at the employee's regular rate of

17   compensation for each workday that the rest periods were not so provided.

18       50.    Defendant has intentionally and improperly denied rest periods to Plaintiff

19   and the Subclasses in violation of *Labor Code* § 226.7 and the applicable Wage Order.

20       51.    At all times relevant hereto, Plaintiff and members of the Subclasses have

21   worked more than six days in a workweek.

22       52.    At all times relevant hereto, each Defendant failed to provide rest periods as

23   required by *Labor Code* § 226.7 and the applicable Wage Order.

24       53.    By virtue of Defendant's unlawful failure to provide rest periods to the

25   Plaintiff and the Subclasses, Plaintiff and the Subclasses have suffered, and will continue to

26   suffer, damages in amounts which are presently unknown to Plaintiff and the Subclasses, but

27

28

13

which exceed the jurisdictional limits of the Court and which will be ascertained according to proof at trial.

54.     Defendant acted or are acting intentionally, oppressively and maliciously toward Plaintiff and the Subclasses, with conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

55.     Plaintiff, individually, and on behalf of members of the Subclasses, requests recovery of rest period compensation pursuant to *Labor Code* § 226.7 and the applicable Wage Order, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the *Labor Code* and/or any other statutes. Further, Plaintiff and the Subclasses are entitled to and request reasonable attorneys' fees and costs pursuant to *Labor Code* §§ 218.5 and 1194(a).

## FIFTH CAUSE OF ACTION

### VIOLATION OF MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (29 U.S.C. §1801 *et. seq.*)

56.     Plaintiff and the Class reallege and incorporate by reference the allegations set forth in this Complaint.

57.     Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act by:

> (a) failing to pay wages when due to Plaintiff and Class Members, as required by 29 U.S.C. §1832(a);
>
> (b) failing to keep accurate time and wage records for all work performed by Plaintiff and the Class Members and failing to provide them with accurate, itemized statements of each pay period, as required by 29 U.S.C. §1832(c) (1-2);
>
> (c) providing to Plaintiff and the Class Members false and misleading information required to be disclosed by U.S.C. §1831(b); and

14

(d) violating the terms of the working arrangements made with Plaintiff and Class Members, in violation of 29 U.S.C. §1832(c).

### SIXTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
**[Business & Professions Code §§ 17200 et seq.]**
**(By Plaintiffs Against All Defendants)**

48.     Plaintiff and the Class reallege and incorporate by reference the allegations set forth in this Complaint.

49.     Pursuant to the applicable IWC Wage Order, Defendant was the employers of Plaintiff and the Class. Each Defendant is also a "person" as that term is defined in *Business & Professions Code* §17021.

50.     The *Business & Professions Code* defines unfair competition as any unlawful, unfair, or fraudulent business practice. At all times relevant herein, by and through the conduct described herein, Defendant has engaged in unfair and unlawful practices by failing to (1) pay Plaintiff and the Class premium wages for overtime worked, (2) pay Plaintiff and the Class for all hours worked,  (3) furnish Plaintiff and the Class with accurate itemized wage statements, as mandated by the applicable *Labor Code* and Industrial Welfare Commission requirements, and (4) provide rest periods, all in violation of *Business & Professions Code* §§ 17200 *et seq.*

51.     By and through the unfair and unlawful business practices described herein, Defendant has obtained valuable property, money and services from the Plaintiff and the Class and have deprived them of valuable rights and benefits guaranteed by law all to the detriment of Plaintiff and the Class.

52.     All the acts described herein are violations of, among other things, the *Labor Code* and applicable Industrial Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of *Business & Professions Code* §§ 17200 *et seq.*

15

53.     Plaintiff and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff and the Class have been deprived by means of the above-described unfair and unlawful business practices.

54.     Plaintiff and the Class are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendant from engaging in any of the above described unfair and unlawful business practices in the future.

55.     Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendant.  As a result of the unfair and unlawful business practices described above, Plaintiff and the Class have suffered and will continue to suffer irreparable harm unless Defendant is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, Defendants should be required to disgorge the unpaid moneys to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class respectfully pray that this Court enter judgment against Defendant as follows:

1.     ON THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION:

(a)     For actual and compensatory damages; and

(b)     For statutory penalties, interest, costs of suit, and attorneys' fees.

2.     ON THE SIXTH CAUSE OF ACTION:

(a)     For restitution and disgorgement;

(b)     For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper; and

16

1

(c)    For other injunctive relief ordering Defendant to notify Plaintiff that

2          they have not been paid the proper amounts in accordance with

3          California law.

4    3.    ON ALL CAUSES OF ACTION:

5          (a)    For reasonable attorneys' fees;

6          (b)    For costs of suit;

7          (c)    For prejudgment interest;

8          (d)    For statutory penalties; and

9          (e)    For such other and further relief as this Court deems just and proper.

10

11                    **DEMAND FOR JURY TRIAL**

12    Plaintiff demands a jury trial on all issues triable to a jury.

13

14                                LIPELES LAW GROUP, APC

15  Date: August 20, 2018

16                        By: _____
                              Kevin A. Lipeles, Esq.
17                            Thomas H. Schelly, Esq.
                              Attorneys for Plaintiff
18                            Samuel Bustos

19

20

21

22

23

24

25

26

27

28

                                                              17

# EXHIBIT "B"

1  | McCormick, Barstow, Sheppard,
   | Wayte & Carruth LLP
2  | Christina C. Tillman, #258627
   |  *christina.tillman@mccormickbarstow.com*
3  | 7647 North Fresno Street
   | Fresno, California 93720
4  | Telephone:    (559) 433-1300
   | Facsimile:     (559) 433-2300
5  |
6  | Attorneys for Defendant, MT. VIEW FARMING, INC.
7  |

**FILED**
**TULARE COUNTY SUPERIOR COURT**
**VISALIA DIVISION**

**OCT 03 2018**

STEPHANIE CAMERON, CLERK
BY: _____ Jessica Ochoa

FILED BY FAX

8  | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  | COUNTY OF TULARE

10 |

11 | SAMUEL BUSTOS, an individual, on his own behalf and on behalf of the others similarly
12 | situated,

   | Case No. 275173

   | **ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF PLAINTIFF SAMUEL BUSTOS**

13 |         Plaintiff,

14 | v.

   | The Hon. David Mathias, Dept. 2

15 | MT. VIEW FARMING, INC., a California corporation; and Does 1 through 100 inclusive,

   | Action Filed:    August 22, 2018
   | Trial Date:       TBD

16 |         Defendant.

17 |

18 |         Defendant MT. VIEW FARMING, INC., a California corporation ("Defendant"), hereby

19 | answers the Complaint filed by Plaintiff SAMUEL BUSTOS, individually and on behalf of all others

20 | similarly situated, as follows:

21 |                                  **GENERAL DENIAL**

22 |         Pursuant to the provisions of California Code of Civil Procedure Section 431.30, subdivision

23 | (d), Defendant denies generally and specifically each and every allegation contained in the Complaint.

24 | In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

25 | manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

26 | omission on the part of Defendant.

27 | ///

28 | ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF PLAINTIFF SAMUEL BUSTOS

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Fourth Cause of Action is barred, in whole or in part, by the doctrine of waiver. Defendant provided Plaintiff and proposed class members with the opportunity to take and authorized and permitted rest breaks in compliance with California law. On information and belief, at various times Plaintiff and proposed class members voluntarily waived and on their own volition chose not to take the rest breaks which were provided, authorized and permitted by Defendant.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that Plaintiff or the putative class members have not suffered any losses and Defendant has not been unjustly enriched as a result of any action or inaction by Defendant or its agents.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the claims of Plaintiff and putative class members are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and putative class members have been compensated for all work performed for Defendant and the respective acceptances of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendant to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the causes of action are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure Sections 338 and 340.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or the applicable Wage Order was an act or omission made in good faith in conformity with and in reliance on regulations, statutes and case law, and that in any participation in such acts, Defendant had reasonable grounds for

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF SAMUEL BUSTOS

1  believing that the act or omission was not a violation of the law.

2  ### SIXTH AFFIRMATIVE DEFENSE

3  As a separate and distinct affirmative defense to all causes of action, Defendant alleges that

4  Plaintiff lacks standing to bring his claims as to all or a portion of each of the causes of action alleged

5  in the Complaint because Plaintiff was not injured and did not suffer harm from the violations alleged,

6  or Plaintiff is otherwise not entitled to equitable relief because he has not been employed by

7  Defendant since November 2017.

8  ### SEVENTH AFFIRMATIVE DEFENSE

9  As a separate and distinct affirmative defense to all causes of action, Defendant alleges that to

10  the extent any amount of wages are found to be due and owing to Plaintiff or putative class members,

11  Defendant is entitled to a set-off for any amount of wages paid as well as any amounts that were

12  overpaid to those individuals.

13  ### EIGHTH AFFIRMATIVE DEFENSE

14  As a separate and distinct affirmative defense, the claims alleged on behalf of putative class

15  members are barred from this litigation to the extent each of those individuals and Defendant entered

16  into a valid arbitration agreement that contains a class action waiver.

17  ### NINTH DEFENSE

18  As a separate and distinct defense, Defendant alleges that this suit may not be properly

19  maintained as a class action because: (1) Plaintiff has failed to plead facts to support. and cannot

20  establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate

21  method for the fair and efficient adjudication of the claims described in the Complaint; (3) common

22  issues of fact or law do not predominate; (4) Plaintiff's claims are not representative or typical of the

23  claims of the putative class; (5) Plaintiff is not a proper or adequate class representative.

24  ### RESERVATION

25  Defendant does not presently know all facts concerning the conduct of Plaintiff and his claims

26  sufficient to state all defenses at this time. The Complaint makes allegations regarding putative class

27  members, however, no class has been certified. Defendant will seek leave of Court to amend this

28  Answer should it later discover facts demonstrating the existence of additional affirmative defenses or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF SAMUEL BUSTOS

1  in the event that Plaintiff is able to certify a class or subclasses.

2  **PRAYER**

3  WHEREFORE, Defendant prays for judgment from this Court as follows:

4  1.     Plaintiff take nothing by way of the Complaint;

5  2.     The Complaint be dismissed with prejudice and that judgment be entered against
6  Plaintiff and in favor of Defendant on each cause of action;

7  3.     That Defendant be awarded its costs of suit herein; and

8  4.     Such other and further relief as the Court deems appropriate and proper.

9  Dated: October 4, 2018                           McCORMICK, BARSTOW, SHEPPARD,
10                                                         WAYTE & CARRUTH LLP

11

12                                             By:
13                                                         Christina C. Tillman
                                               Attorneys for Defendant, MT. VIEW FARMING,
14                                                  INC., a California corporation

15  57821-00151 5346611.1

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF SAMUEL BUSTOS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On October 3, 2018, I served true copies of the following document(s) described as **ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF PLAINTIFF SAMUEL BUSTOS** on the interested parties in this action as follows:

Lipeles Law Group, APC,
Attn: Kevin A. Lipeles,
Thomas H. Schelly,
8800 Apollo Street, Suite 336
El Segundo, California 90245

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 3, 2018, at Fresno, California.

Tristan E. Matthews

ANSWER OF DEFENDANT MT. VIEW FARMING, INC. TO COMPLAINT OF SAMUEL BUSTOS

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

## PROOF OF SERVICE

2   **STATE OF CALIFORNIA, COUNTY OF FRESNO**

3       At the time of service, I was over 18 years of age and **not a party to this action**. I am
    employed in the County of Fresno, State of California. My business address is 7647 North Fresno
4   Street, Fresno, CA 93720.

5       On October 4, 2018, I served true copies of the following document(s) described as **NOTICE
    OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B) [FEDERAL QUESTION
6   JURISDICTION]** on the interested parties in this action as follows:

7                       Lipeles Law Group, APC,
                        Attn:   Kevin A. Lipeles, Thomas H.
8                       Schelly, 8800 Apollo Street, Suite 336,
                        El Segundo, California 90245
9

10      **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
    persons at the addresses listed in the Service List and placed the envelope for collection and mailing,
11  following our ordinary business practices. I am readily familiar with this business's practice for
    collecting and processing correspondence for mailing. On the same day that the correspondence is
12  placed for collection and mailing, it is deposited in the ordinary course of business with the United
    States Postal Service, in a sealed envelope with postage fully prepaid.

13      I declare under penalty of perjury under the laws of the State of California that the foregoing is
    true and correct.
14

15      Executed on October 4, 2018, at Fresno, California.

16

17                                               _____
                        Tristan Matthews
18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 N. Fresno Street
FRESNO, CA 93720-1501

NOTICE OF REMOVAL OF ACTION